IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:07-cr-00520-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARK WILLIAM FISCHER,

        Defendant.

---

MOTION FOR DOWNWARD DEPARTURE AND FOR VARIANCE PURSUANT
TO 18 U.S.C § 3553

---

The defendant, Mark William Fischer, by and through undersigned counsel, moves this Court for a departure from the advisory sentencing guidelines and for a variance pursuant to 18 U.S.C. § 3553 to allow for imposition of a sentence to probation. As grounds, the following are stated:

*I.   Application of the Advisory Guidelines*

Consistent with *Gall v. United States*, 128 S. Ct. 586 (2007), the Court should begin with a correct calculation of the advisory sentencing guidelines. Initially, Mr. Fischer concurs with the guideline calculation by the United States Probation Office and its assessment that a downward departure is appropriate pursuant to guideline §5K2.20 in that Mr. Fischer's conduct in the instant matter was aberrant.

The Policy Statement of §5K2.20, Aberrant Behavior, states as follows:

> (a) IN GENERAL. - Except where a defendant is convicted of an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117 of title 18, United States Code, a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection (c).
>
> (b) REQUIREMENTS. - The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law abiding life.
>
> (c) PROHIBITONS BASED ON THE PRESENCE OF CERTAIN CIRCUMSTANCES. - The court may not depart downward pursuant to this policy statement if any of the following are present:
>
> (1) The offense involved serious bodily injury or death.
>
> (2) The defendant discharged a firearm or otherwise used a firearm or a dangerous weapon.
>
> (3) The instant offense of conviction is a serious drug trafficking offense.
>
> (4) The defendant has either of the following: (A) more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood) before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category); or (B) a prior federal or state felony conviction, or any other significant prior criminal behavior, regardless of whether the conviction or significant prior behavior is countable under Chapter Four.

Abhorrent and aberrant are not mutually exclusive concepts. Although Mr. Fischer clearly violated the federal criminal law, and in so doing abused his position of trust as an attorney and officer of the court (§3B1.3), he nonetheless meets the criteria for a departure pursuant to §5K2.20. The offense was committed without significant planning, was of limited duration, and represented a marked deviation by Mr. Fischer

2

from an otherwise law-abiding life. The presentence investigation report, along with its addendum and attachments, provides a basis for the requested departure. Mr. Fischer's horrendous lapse in judgment by forging signatures to effect the release of a lien on his client's residence was obviously ill-conceived. It was also devoid of significant thought, self-destructive, and motivated by an unwarranted sense of "professional guilt". The psychiatric evaluation of Mr. Fischer conducted by Michael H. Gendel, M.D., and the many letters submitted on behalf of Mr. Fischer from highly regarded members of the community, describe a wonderful person whose conduct in this case was without doubt an aberration. Based upon the foregoing, Mr. Fischer seeks a departure from a total offense level 13 to an offense level 8, thereby placing him within Zone A of the advisory sentencing guidelines and an advisory guideline range of 0 to 6 months.

II. *Application of 18 U.S.C. § 3553 (a)*

The guidelines are but one of several factors to be considered by the Court in determining an appropriate sentence. While the guidelines provide an "initial benchmark", they may not eclipse the remaining statutory factors, all of which must be considered to frame an "individualized assessment" based upon the particular facts of the case. *Gall v. United States, supra at 596.* The facts in this case justify Mr. Fischer's request that he be sentenced to a term of probation. The imposition of a sentence to probation is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553 (a).

*The nature and circumstances of the offense and the history and characteristics of the defendant*

Initially, Mr. Fischer seeks a variance based upon his extraordinary acceptance of responsibility. The Tenth Circuit held that although remorse is a factor taken into account by the acceptance of responsibility reduction, if remorse is present to an "exceptional" degree, it may be a basis for a downward departure. *United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998). Although the Sentencing Commission amended §5K2.20(d) in October of 2003 to forbid downward departures based upon extraordinary acceptance of responsibility, the Third Circuit in *United States v. Severino*, 454 F.3d 206 (3d Cir. 2006) held, subsequent to *United States v. Booker*, 543 U.S. 220 (2005), that a court now has discretion to grant a variance based upon extraordinary acceptance of responsibility.

Mr. Fischer was repeatedly cautioned about any admissions he might make prior to and during his change of plea hearing. Despite the admonitions, he immediately upon detection by opposing counsel in the underlying civil matter, and prior to having been charged in the instant matter, made a decision to accept full responsibility for his conduct. He did so through his actions, not merely his words. He apologized profusely in a letter to Magistrate Judge Michael E. Hegarty. Mr. Fischer then called his ex-client, Judy Heumann, to express heartfelt remorse for his actions and to ask forgiveness. Among the letters of support submitted on behalf of Mr. Fischer is a letter from Ms. Heumann.

Mr. Fischer also submitted to an extensive psychiatric evaluation in an effort to understand why he engaged in such self-destructive behavior. He continues in treatment with his psychiatrist, Earlene Dal Pozzo, M.D..

Further, as detailed in a letter from Associate Professor Richard Jackson, Mr. Fischer participated as a guest lecturer in Professor Jackson's ethics class at Metropolitan State College of Denver. Mr. Fischer "mesmerized" the students and imparted lessons and insights that books alone could not provide.

The history and characteristics of Mr. Fischer are aptly detailed in the presentence investigation report and the many letters submitted on his behalf. Perhaps the essence of Mark Fischer is best captured in the poignant letters from his daughter, Erin Fischer, and his wife, Kim Fischer.

As a further testament to the character and characteristics of Mr. Fischer, on April 2, 2008 he prepared a statement for the Probation Office which states, in pertinent part:

> My conduct was both wrong, and more importantly a violation of the public trust. Lawyers are given a unique position in our society to facilitate fair, non-violent, efficient relationships between members of our community. In that position, we are given special access to the state's mechanisms of conflict resolution - the court system - and the responsibility associated with that special access is to ensure that the rules of the system apply equally to all people, even our own clients. As a lawyer, I was placed in a position of public trust with the expectation that I would make sure the system - the rule of law - was not compromised. I violated that public trust.
> I believe strongly in the value of our court system. I believe strongly in the value of the rule of law. I believed in that system both before and after I engaged in my reprehensible conduct. Over the last nine months, I've thought a lot about what the appropriate consequences should be for the damage I caused, and it seems to me that the system I admire cannot and should not tolerate conduct like mine. Regardless of what others might think, I believe that the system must respond by taking away all special rights to participate in that system as a lawyer.

In addition, notwithstanding the belief of Gary Blum, Mr. Fischer's counsel in the Attorney Regulation Counsel proceeding, that Mr. Fischer's conviction might result in a suspension from the practice of law, Mr. Fischer voluntarily stipulated to disbarment, the

5

ultimate administrative sanction. He was unwilling to accept a lesser sanction, believing his conduct was inexcusable and that he no longer deserved to be an attorney.

It is also significant that Mr. Fischer volunteered on several occasions to assist the United States District Court by accepting *pro-bono* cases whenever called upon to do so by former Chief Deputy District Clerk, Stephen P. Ehrlich. In his letter submitted on behalf of Mr. Fischer, Mr. Blum alludes to a meeting he had with Mr. Ehrlich. Both opine that experienced and diligent attorneys such as Mr. Fischer are a necessary component of our federal judicial system. Mr. Fischer's repeated acceptance of *pro-bono* cases also supports the position that his criminal misconduct in the instant matter was not motivated by financial gain.

*To protect the public from further crimes of the defendant, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct*

Mr. Fischer is fifty-one years old. He practiced law in Colorado for approximately sixteen years and was, by all accounts, an outstanding litigator and a pillar of the community. Combined with his post-offense conduct, it is highly unlikely that Mr. Fischer will re-offend.

*The kind of sentence to be imposed*

Mr. Fischer is not in need of prison-provided education or vocational training. He is involved in on-going psychiatric treatment with Dr. Dal Pozzo on an indefinite basis. He is fully committed to and embraces the treatment process.

It is undeniable that an attorney who violates his position of trust is to be treated more harshly than an individual not so situated. The advisory guidelines account for that status through an upward adjustment pursuant to §3B1.3 However, it is noted that Mr. Fischer has suffered an added consequence not experienced by a lay person. Specifically, he has voluntarily imposed upon himself the loss of his ability to practice law. Mr. Fischer understands that he will no longer be able to pursue his chosen profession. He also appreciates the financial impact this will have upon his family. Fortunately, the family unit remains intact and extraordinarily supportive.

It is submitted that a sentence to probation is not a mere "slap on the wrist". The Supreme Court in *Gall* acknowledged the substantial restriction of freedom involved in a term of probation:

> Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled. Probationers may not leave the judicial district, move, or change jobs without notifying their probation officers, or the court. They must report regularly to their probation officer, permit unannounced visits to their home, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. Most probationers are also subject to individual "special conditions" imposed by the court (internal citations omitted) at 596-597.

Of course, Mr. Fischer also faces harsh consequences were he to violate the terms of his probation.

Finally, The Tenth Circuit recently affirmed a very substantial variance based, in substantial part, upon the same grounds Mr. Fischer requests this Court consider.

*U.S. v. Gonzalo Munoz-Nava*, Nos. 06-2247 and 06-2254 (May 6, 2008).

"

Dated this 13th day of May, 2008.

Respectfully submitted,

_____
Michael S. Axt
Attorney for Mark W. Fischer
1733 High Street
Denver, CO 80218

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008 I electronically filed the foregoing **MOTION FOR DOWNWARD DEPARTURE AND FOR VARIANCE PURSUANT TO U.S.C. § 3553** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

James R. Allison
Assistant United States Attorney
James.Allison@usdoj.gov


I also hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated by the non-participant's name:

James O. Hearty (*via* e-mail)
Assistant United States Attorney
James.Hearty@usdoj.gov

Jeanette R. Woll (*via* e-mail)
United States Probation Officer
Jan Woll@cod.uscourts.gov

Mark William Fischer (*via* U.S. mail*)*
285 Iroquiois Drive
Boulder, CO 80303


        s/ Michael S. Axt
        Michael S. Axt
        Law Offices of Michael S. Axt
        1733 High Street
        Denver, CO  80218
        Telephone:  (303) 333-7110
        FAX: (303) 333-9493
        Email:  maxlegal@aol.com
        Attorney for Defendant
        MARK WILLIAM FISCHER